UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY MOTON,

      Petitioner,

v.                               CASE NO. 6:04-cv-1053-Orl-18DAB

ATTORNEY GENERAL, STATE OF FLORIDA, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely reply to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner then filed a reply (Doc. No. 10) and a supplemental reply (Doc. No. 15).

Petitioner alleges five claims for relief in his habeas petition: first, that counsel was ineffective for failing to secure alibi witnesses; second, that the trial court's "reason for imposing an aggravated sentencing departure on count two is invalid"; third, that counsel failed to file a "speedy trial demand"; fourth, that counsel conceded Petitioner's guilt without Petitioner's consent; and fifth, that counsel failed to object to the jury instruction

on burglary.

*Procedural History*

Petitioner was charged by second amended information with one count of burglary of a dwelling with an assault or battery while armed with a firearm and five counts of robbery with a firearm. A jury trial was held, and Petitioner was found guilty as charged in the second amended information. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of twenty years as to each count, except that, as to one of the robbery counts, he received a sentence of life imprisonment. All of the sentences were to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam.*

Petitioner next filed a motion for postconviction relief with the state trial court, which held evidentiary hearings on the matter. After the hearings, the trial court denied the motion. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam.*

*Claims One and Five*

Petitioner avers that counsel was ineffective for failing to secure alibi witnesses (claim one) and for failing to object to the jury instruction on burglary (claim five).

    1.    *Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

    (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Consequently, if a claim was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"[1] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b) whether the state court's decision was contrary to governing United States Supreme Court

---

[1]In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

> As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also* 28 U.S.C. § 2254(d).

2. *Governing Principle*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

3. *Discussion*

Claims one and five were raised in Petitioner's motion for postconviction relief, and the trial court denied them on the merits. The state appellate court affirmed the denial. The Court finds that these two claims must be denied under section 2254(d).

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state

4

court's decision was not "contrary to" the governing legal authority.[2]  The state court, which correctly identified *Strickland* as the controlling legal authority on claims of ineffective assistance of counsel, did not reach an opposite conclusion from the United States Supreme Court on a question of law.  Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case.  Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the trial court's application of *Strickland's* attorney performance standard was objectively unreasonable.  As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694.  This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law.  Relief is only warranted if the application was unreasonable.  *Id.*  Under this demanding standard, the state court's determination that Petitioner did not show either deficient performance by his counsel or prejudice was reasonable.

In particular, Petitioner avers in claim one that counsel failed to secure alibi witnesses.  However, the Rule 3.850 proceedings reveal that Petitioner's counsel made a tactical decision not to present an alibi defense because such a defense would have required Petitioner to testify at trial, thereby subjecting Petitioner to impeachment based on his past

---

[2]The Court notes that a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

criminal record. Counsel's decision was based on sound trial strategy and certainly was reasonable.

Petitioner contends in claim five that counsel failed to object to the jury instruction on burglary. In particular, Petitioner argues that counsel should have objected to the portion of the instruction which provided that Petitioner "entered or remained in a structure." However, the evidence at trial pointed to the "breaking and entering" method of committing the crime of burglary. Under those circumstances, Petitioner was not prejudiced by the inclusion of the "remaining in" language of the instruction. *See Collins v. State*, 839 So. 2d 862 (Fla. 4th DCA 2003).

The Court finds that, with regard to claims one and five, trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland.*

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[3] "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's

---

[3]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts. Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000) (stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable. Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings. Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claim one and five must be denied under section 2254(d).

*Claim Two*

Petitioner argues that the "trial court's reason for imposing an aggravated sentencing departure on count two is invalid."

This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507,

1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."), *cert. denied*, 434 U.S. 1020 (1978). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is `couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Since this claim is based exclusively on state law issues that are merely "couched in terms of equal protection and due process," it must be denied. *Willeford*, 538 F.2d at 1198.

## Claims Three and Four

Petitioner avers that counsel was ineffective for failing to file a "speedy trial demand" (claim three) and for conceding Petitioner's guilt without Petitioner's consent (claim four).

Although claims three and four were raised in Petitioner's Rule 3.850 motion, the trial court found that Petitioner had "abandoned" these claims during the Rule 3.850 proceedings. During the appeal of the denial of his Rule 3.850 motion, Petitioner did not raise either claim three or claim four. The failure to appeal claims three and four results in a procedural default of those claims. *E.g., Hankins v. Delo*, 977 F.2d 396 (8th Cir. 1992) (the petitioner, who had his postconviction motion denied by the state trial court after an evidentiary hearing, was barred from raising issues in his federal habeas petition which

8

were not asserted on the appeal from the denial of his postconviction motion); *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.) (the petitioner waived ineffective assistance of counsel claim, even though it was raised in postconviction motion, because he failed to appeal the denial of postconviction motion), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991) (claims presented in postconviction motion and not appealed were procedurally barred in subsequent habeas proceedings); *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but an appeal of its denial).

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[4] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims three and four are procedurally barred.

---

[4]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Jeffrey Moton is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __ day of April, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 4/25
Counsel of Record
Jeffrey Moton

10